## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. 14 MM 2021 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANIEL KHALIL CLARY | : | |
| | : | |
| | : | |
| PETITION OF: ALEXANDER WARD, ESQ. | : | |

## ORDER

**PER CURIAM**

 **AND NOW**, this 6th day of April, 2021, in consideration of the Application for Leave to Withdraw as Counsel, this matter is REMANDED to the Court of Common Pleas of Northampton County.

 An attorney's appointment in a criminal matter continues on direct appeal through the allocatur stage, and an attorney may cease representation only upon leave of court. *See* Pa.R.Crim.P. 122, Comment (explaining that "counsel retains his or her appointment until final judgment, which includes all avenues of appeal through the Supreme Court of Pennsylvania"); Pa.R.Crim.P. 120(B)(1) (indicating that counsel for a criminal defendant may not withdraw absent leave of court).

 If the Court of Common Pleas of Northampton County allows Attorney Alexander Ward to withdraw, the court shall then consider whether to appoint new counsel or to permit Daniel Khalil Clary to proceed *pro se*. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (explaining that an on-the-record determination must be made as to

whether a criminal defendant's request to proceed *pro se* is knowing, intelligent, and voluntary).

The Court of Common Pleas of Northampton County is ORDERED to enter its order regarding this remand within 90 days and to notify this Court promptly of its decision.